COLLINS et al. v. AUSTIN, State Com'r of Banking.

No. 1877.

Court of Civil Appeals of Texas. Beaumont.
Nov. 13, 1930.

Rehearing Denied Dec. 3, 1930.

O. B. Collins, of Fort Worth, and Mantooth & Denman and C. W. Fenley, all of Lufkin, for appellants.

Jno. S. Redditt, of Lufkin, for appellee.

WALKER, J.

This suit was filed in the district court of Angelina county, Tex., on the 22d day of August, 1927, by appellee, Chas. O. Austin, commissioner, etc., against Mrs. Chloe Collins, and her husband, Chester B. Collins, upon a note for $3,000 dated the 4th day of April, 1924, stipulating for interest and attorney's fees, and to foreclose a chattel mortgage lien against one diamond ring and one diamond bar pin. The note and chattel mortgage lien pleaded by appellee were executed by Mrs. Collins without the joinder of her husband. Appellee also pleaded the several statutes of limitations, and against Mr. Collins pleas of estoppel, ratification, etc. Appellants answered by pleas of general denial, coverture, want

of. authority in Mrs. Collins to execute the note, etc. The trial was to the court without a jury with judgment in favor of appellee for the amount of his note with foreclosure of the mortgage lien, but with no personal judgment against either Mr. Collins or Mrs. Collins. Conclusions of fact and law were filed by the trial court in support of its judgment as follows, to wit: Chester B. Collins and his wife, Mrs. Chloe Collins, separated in the year 1920 and from the date of their separation had not lived together up to the time this case was tried; on the 4th day of April, 1924, Mrs. Collins borrowed from the Citizens' Guaranty State Bank of Lufkin $3,000, for which she executed the note sued on herein, and as security for said loan deposited with the bank the diamonds upon which appellee asserts his lien, which at the time of the loan were of the reasonable market value of $3,-000. The bank having become insolvent, the title to the note was vested by law in appellee. These diamonds were described as follows by the court in its conclusions of fact:

"Said diamonds being described in plaintiff's original petition, and being the same diamonds given to Mrs. Chloe Collins by Chester B. Collins on or about the 5th day of April, 1921."

The court further found that this money was borrowed by Mrs. Collins from the bank for the purpose of engaging in a mercantile venture. At the time the loan was made to Mrs. Collins, Mr. Collins was the president of the bank. The record discloses the following additional facts: The cashier of the bank notified Mr. Collins that his wife had asked for the loan. He protested against the loan and emphatically instructed the cashier not to make the loan. Against his advice, and without his knowledge or consent, the loan was made and the diamonds accepted by the cashier as security therefor. Mr. Collins knew nothing of the loan until long after it had been made and Mrs. Collins had dissipated the $3,000 in her mercantile venture which proved a failure; that is, Mrs. Collins lost all of this $3,000 invested in this venture. From the time of her marriage up until the time this case was tried, Mrs. Collins' estate consisted of her interest in the community estate and such of the community personal property as Mr. Collins may have given to her. From the date of their separation until the trial of this case Mrs. Collins, with her daughter, had occupied the family home. During all this time Mr. Collins had liberally supported his wife and daughter.

In addition to the finding above copied on the issue of the ownership of the diamonds, the trial court found facts supporting appellee's pleas of limitation, estoppel, and ratification. None of these last-named findings have support in the record, since the testimony did not raise in appellee's favor the issues of limitation, ratification, or estoppel. We do not review the testimony nor further discuss these issues, since the judgment must be affirmed upon the finding that Mr. Collins gave these diamonds to his wife and the conclusion of law that she had the right to pledge them, being her separate property, as security for the note sued on.

■ Appellants assert no proposition attacking the trial court's conclusion that the diamonds were "given to Mrs. Chloe Collins by C. B. Collins." Appellee asserts that this was a finding of fact vesting the separate title to these diamonds in Mrs. Collins. In a supplemental brief filed at the request of the court, appellants assert that this finding was not intended by the court as a conclusion of fact but merely as descriptive of the diamonds. We cannot agree with this construction of this conclusion of fact. Appellee was asserting that the diamonds were the separate property of Mrs. Collins. This is the only conclusion in which the issue is dealt with. It seems to us that it is a finding directly in support of the contention of appellee.

■■ Appellants assert that this is an improper construction of the trial court's conclusions of fact for the reason, they say, the testimony does not raise the issue of separate ownership in Mrs. Collins. In this appellants are in error. It is true that Mr. Collins testified positively that he did not give the diamonds to Mrs. Collins as her separate property; that he bought and paid for them with community funds; and that he had claimed them at all times since their purchase as a part of the community estate. Having bought them with community funds, he said that his wife only had the use of them as she had of other property belonging to the community estate. On this issue Mrs. Collins testified that Mr. Collins gave her the diamonds as he did her wearing apparel, and further she testified:

"I cannot tell you just how long I had this ring prior to April 8th, 1924; for maybe three years; maybe longer than that; I do not know. As to where I got this ring, I will state that Mr. Collins brought it home. As to whether he gave me the ring, he brought it home, and I supposed it was for me. He turned it over to me. I wore the ring. He also brought the diamond bar pin home. I had not had the diamond bar pin as long as I had had the ring. I wore that. I had some other diamonds at this time; I had one or two more rings and a lavaliere and various other pieces of jewelry with diamonds in them. * * * I have borrowed some money on some and took them back."

The facts further show that Mr. Collins surrendered the diamonds to the possession of his wife; that she retained possession of them at all times after they were delivered to her; and that Mr. Collins never afterwards

had them in his possession or exercised any control over them. We think the record as a whole raised the issue of separate ownership, and even if appellants are correct in their construction of the trial court's conclusions of fact on this issue, yet in support of the judgment it would be our duty to resolve the issue against them.

From what has been said it follows that the diamonds on the 4th day of April, 1924, were the separate property of Mrs. Collins. The question then is simply whether, over the protest of her husband and without his knowledge or consent, she had the right to mortgage these diamonds as security for the note in question made by her against her husband's instructions and without his knowledge or consent. Article 4614, R. S. of 1925, is as follows:

"All property of the wife, both real and personal, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, as also the increase of all lands thus acquired, and the rents and revenues derived therefrom, the interest on bonds and notes belonging to her and dividends on stocks owned by her, shall be the separate property of the wife. The wife shall have the sole management, control and disposition of her separate property, both real and personal; provided however, the joinder of the husband in, the manner now provided by law for conveyances of the separate real estate of the wife shall be necessary to the incumbrance or conveyance by the wife of her lands, and the joint signature of the husband and wife shall be necessary to a transfer of stocks and bonds belonging to her or of which she may be given control by this law."

In Scruggs v. Gage (Tex. Civ. App.) 182 S. W. 696, it was held that: The wife has by law the sole management, control and disposition of her separate property, both real and personal, and, subject to the express exception named in the statute, may dispose freely of her personal property, without the husband's joinder or even consent.

In Fort Worth State Bank v. Irving (Tex. Civ. App.) 241 S. W. 277, 279, the bank sought foreclosure of a lien upon diamonds deposited with it by the wife to secure a note given for money borrowed by her. The court said:

"The controlling question in this controversy is who owned the property involved at the time it was mortgaged? If it belonged to the separate estate of Mrs. Irving, then she had a legal right to mortgage it for the debt she had contracted."

Discussing our marital statutes in his 1929 edition of Marital Rights in Texas, Judge Ocie Spear says:

"It, of course, follows that the husband no longer has the exclusive, or even any, control of the wife's separate personal property, and need not be consulted in her disposition of it, further than the express exception above mentioned."

He says further in section 255:

"It would be an inconsistency to admit the wife's absolute right to own her property, and to convey it by an observance of the laws regulating such things, and to deny that she might mortgage such property, there being no statute forbidding it, for certainly if she may convey the entire fee, she may also convey the lesser estate. She may, by observing the statutory regulations bearing upon the manner of conveying, mortgage or otherwise incumber it for any purpose whatever."

On the authorities reviewed it follows the trial court correctly foreclosed the chattel mortgage lien against the diamonds in question. The judgment of the lower court is therefore in all things affirmed.

Affirmed.