George F. KIMMEY et al., Appellants,

v.

Willie GOODRUM, Appellee.

No. 3841.

Court of Civil Appeals of Texas.

Waco.

May 18, 1961.

Rehearing Denied June 8, 1961.

William H. Price, Crockett, for appellants.

J. B. Sallas, Crockett, for appellee.

WILSON, Justice.

The sole contentions presented by this appeal are that there is insufficient evidence, or none, to support a jury finding that a six acre tract of land on which appellee lives is not situated in a town or village. The finding determined conflicting contentions concerning the nature of a claimed homestead, as being rural or urban under Article 16, Section 51 of the Texas Constitution, Vernon's Ann.St. Appellants say the evidence will not support the finding.

The court defined "town," in effect, as being "an area, embracing an aggregation of inhabitants and a collection of occupied and other buildings," irrespective of whether it was incorporated, platted, or laid out regularly in streets and lots. "Village" was defined as "an aggregation of inhabitants and collection of occupied dwellings and other buildings, less than a town, and inhabited chiefly by farmers and other laboring people." There are no objections to the charge, or requests for further instructions.

The charge assigned to appellee, and appellee assumed, the burden of establishing by a preponderance of the evidence that the tract on which she lives is not located in a "town or village." The quoted terms are not defined by the Constitution or statutes. The first clause of Section 51 refers to a "homestead, not in a town or city"; the second clause to a "homestead in a city, town or village." Under Rule 279, Texas Rules of Civil Procedure, where an issue necessary to support a ground of recovery

or defense, and necessarily referable thereto is submitted, any necessarily referable omitted issues, absent request or objection, are deemed· found in support of the judgment if there is evidence to support a finding thereon.

■ The character of the land as being urban. or rural is ordinarily a question of fact unless the town or village is of such size, and the homestead is so situated therein and is of such nature that reasonable minds cannot differ; and·"There is no definite rule by which the precise time can be determined when the country settlement has grown into the village or where the unincorporated town or village ends and the country begins." Iken & Co. v. Olenick, 42 Tex. 195, 198; Commerce Farm Credit Co. v. Sales, Tex.Com.App., 288 S.W. 802, 805; Farmers & Mechanics Trust Co. v. Perry, Tex.Civ.App., 56 S.W.2d 501, writ ref.; 22 Tex.Jur. Sec. 162, p. 234.

As supporting the view that the circumstances in evidence here require holding appellant's residence is urban as a matter of law, appellants rely on Mikael v. Equitable Securities Co., 32 Tex.Civ.App. 182, 74 S.W. 67, writ ref. That decision is against the contention. There the court was asked to overturn a presumed fact finding that the appellant resided in a village. The. court merely held the evidence supported the finding, and it would not declare the finding unsupported by the evidence or set it aside; it did not imply the evidence required the finding as a matter of law.

Here also, it might be said the evidence was ample to have supported a finding contrary to that made by the jury, but it was not such as to require such determination as a matter of law.

As to the insufficient evidence point, the evidence shows appellee occupied the six acre tract as a home. On it are the residence built about 1912, a barn and a chicken house. Three acres are used for growing corn, and a horse and cow are pastured on the remaining land. The acreage is situated in a community known as Weldon in which there were two churches, one of which has been abandoned; there is a building formerly occupied by a bank, and a building once occupied by a school, consolidated with that in another locality nine or ten years ago; an abandoned gin, and three filling station-grocery stores. There is no incorporated town in the area. In a radius of two miles there are 800 to 900 people, and appellee estimated that "right within Weldon itself" there would be more than 75 people—probably 150. There is a post office in one of the stores; some employees of the Eastham prison farm, located two or three miles distant, live in the community; some of them own homes, and some engage in farming. The residence is located on a farm-to-market road, and appellee testified it is "right up in the middle of town," and that Weldon is "the largest town in the south end of the county, except for Lovelady," 12 miles distant.

There is evidence to show there is a vacant house across the road from that of appellee, another house "a city block" down the road; that homes of permanent residents were also located at distances of $1/4$ block, 5 or 6 blocks, $1/4$ mile, $1/2$ mile and $3/4$ mile from hers. Weldon is not laid out in blocks; "it is just cut up in pig-trails and roads." Farming operations are conducted "right up in the community" and adjoining appellee's land. The surrounding area is countryside, and "as you come into Weldon you begin to come to houses—like coming up a country road." The houses and filling stations are "not grouped together pretty close; they are scattered over an area" of 10 to 15 acres. From the point at which the Adams farm road crosses over toward the old bank building, toward Lovelady, there are three houses on the right and two on the left. "Going back toward Eastham prison farm" past a filling station there is an abandoned house and three or four other houses, and "after you pass those" you get into a farming area.· Be-

hind appellee's property there is an abandoned county lateral road and a corn patch, and adjoining acreage toward a filling station is farm land on which corn, cotton and potatoes are grown. Houses north of appellee's are separated by a distance of "an eighth of a mile, or a fourth, or a half" from those on the south.

There is evidence that the area "is just a small community, known as Weldon, Texas", and that "if you ride down there this morning, you will find 50 to 75 head of cattle grazing around, and you have to get out and drive them out of your driveway"; that "it is not a tightly knit community"; that eighteen years before, when appellee began living on the land, Weldon was somewhat larger; and "if it wasn't, there wasn't nothing there." Although the evidence strongly inclines to the contrary, we think it is adequate to support the jury finding and the judgment, which is affirmed.