Edmund M. BISHOP, Jr., Appellant,

v.

Mary E. BISHOP, Appellee.

No. 16245.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 29, 1961.

Rehearing Denied Nov. 10, 1961.

Wynne, McKenzie, Stroud, Jaffe & Tinsley, Morris I. Jaffe and Henry Baer, Dallas, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, and J. A. Gooch, Fort Worth, for appellee.

MASSEY, Chief Justice.

The appeal involves the propriety of the judgment of the trial court with respect to the property disposition incident to divorce. Involved was personal property only. From our analysis of the state of the record it appears undisputed by the parties that said property was originally a part of the separate estate of the husband, and that the trial court resolved the issue of whether or not there had been a gift thereof to the wife during coverture against the contentions of the husband.

The parties were married in December of 1957. They lived together in Dallas, Texas, until time of their first separation in April of 1958. The wife, appellee herein, moved to Fort Worth and moved such furniture as was her separate property before the marriage from Dallas to Fort Worth. Appellant remained in the Dallas home and either completed the furnishing begun, or completely refurnished the same

at an expense approximating $30,000. Funds utilized in acquiring the furniture came from the appellant's separate estate.

Although there seems to have been periodic occasions when the appellee returned to the home in Dallas for a few days at a time, the parties' complete reconciliation did not occur until January of 1959. In early 1959 the furniture in the Dallas premises was moved to Fort Worth to a newly acquired house which was the appellee's separate property. Thereafter, in August of 1959, the final separation occurred, appellant moving out of the Fort Worth home and leaving appellee in possession of said premises and the furniture therein. Appellee was also left in possession of a Cadillac automobile which appellant had purchased for her, with title in his own name, a few months after the parties were married. After the final separation the appellant ceased to support the appellee.

A suit was filed and decree of divorcement was granted in April of 1960, with jurisdiction retained to try the issue upon the division of property. Trial of this issue followed in August, 1960. Judgment entered thereupon awarded the automobile and the furniture to appellee, and appellant brought the questions involved before this court on appeal.

We believe it obvious from the circumstances of the case that the furniture and automobile remained the separate property and estate of the appellant. Although there were no findings of fact and conclusions of law requested or filed in this case, it is not to be doubted that the trial court deemed the testimony sufficient to establish that the appellant had made a gift of both the furniture and the automobile to the appellee at times prior to the final separation of the parties, and that its award of same to appellee was based upon such an erroneous premise.

About the time of the last reconciliation of the parties in early 1959 and when the parties planned to move the furniture to the new home in Fort Worth, appellant stated to appellee that "When we move to Fort Worth and you get the house in Fort Worth * * * I am going to deed you this furniture." No deed or other formal transfer of the furniture was ever effected. Appellee further testified that appellant, both before and after the time the furniture was purchased, was constantly saying that the furniture was hers, and that it belonged to her, etc. Further, that upon one occasion appellant stated, "Mama, now you have a whole beautiful houseful of furniture and this house, if we don't—whatever happens between us."

We do not consider evidence of this character sufficient to raise an issue of fact or support a finding that a gift had been effected. The whole of the evidence in the record relied upon by appellee to establish her title by gift consisted of the acts and declarations of the donor. Proof thereof, although admissible in evidence, is not in itself sufficient to establish the gift, and the requisite proof to establish such must be accompanied by other corroborative evidence showing a delivery of possession and an absolute parting with interest in the subject of the gift. 24 Am.Jur., p. 798 "Gifts" sec. 131 "(Evidence—Weight and Sufficiency)—Declarations and Admissions". It has been generally held that in the case of an alleged gift from husband to wife, there must be clear and convincing evidence of a delivery of the property by the husband with the intention of divesting himself of all dominion and control of it and of vesting it in the wife. 12 R.C.L., p. 973 "Gifts", sec. 45 "Weight and Sufficiency of Evidence". The essentiality of a delivery of possession to the validity of a parol gift has been long established. Chevallier v. Wilson, 1846, 1 Tex. 161. Where the thing is incapable of actual delivery, or where the situation of the parties or the circumstances of the case will not admit of it, delivery may be symbolical or constructive. Hillebrant v. Brewer, 1851, 6 Tex. 45; Harmon v. Schmitz, Tex.Com.App.1931, 39 S.W.2d 587.

580

In the instant case the circumstances and coverture of the parties inhibited any actual delivery from the husband to the wife of the household furniture and effects of the home, and there was never any symbolical or constructive delivery. That being true, said property remained a part of the separate estate of the appellant.

For the same reasons we must hold the Cadillac automobile purchased by appellant for appellee, while they were husband and wife, to have remained a part of the appellant's separate estate.

■ The only other ground upon which the judgment of the trial court could be sustained would be that the award of property from appellant's separate estate to appellee constituted a proper exercise of the discretion vested in the trial court to divide the estate, pursuant to entry of decree of divorce, in such a way as by it was deemed just and right under all the circumstances. Vernon's Ann.Tex.Civ.St., Art. 4638, "Division of property". When it is observed from the record that there was no community property and no great disparity between the parties and that each possessed a sizeable personal estate, that the marriage was of brief duration, that no children were born, that each party was apparently in sound mental and physical condition, etc., we are of the opinion that equitable considerations would not warrant an award to appellee of more than a few thousand dollars, or equivalent property, despite appellant's culpability in the divorce action. See the discussion and cases cited by Morris Atlas in 29 Tex.Law Review, p. 355, et seq., entitled "Settlement of Marital Property Rights Upon Divorce."

Furthermore, it appears that counsel and the court actually tried this case upon a wrong theory, i. e., the "gift" theory. The case was not fully developed upon the principles of equity which would govern the trial court in a division of property under authority of V.A.T.C.S. 4638. This supplies additional reason why the cause should be remanded for another trial.

Reversed and remanded.

On Motion for Rehearing

Rehearing denied.

RENFRO, Justice (dissenting).

I would affirm the judgment of the trial court.