Mary E. BISHOP, Petitioner,

v.

Edmund M. BISHOP, Jr., Respondent.

No. A–8745.

Supreme Court of Texas.

July 18, 1962.

Rehearing Denied Oct. 3, 1962.

Cantey, Hanger, Johnson, Scarborough & Gooch, Charles L. Stephens, with above firm, Fort Worth, for petitioner.

Wynne, McKenzie, Stroud, Jaffe & Tinsley, Henry Baer, with above firm, Dallas, for respondent.

WALKER, Justice.

This is a divorce case. After a trial before the court without a jury, judgment was entered granting a divorce to the wife, who is petitioner here, and awarding her title to a Cadillac automobile and certain household furnishings. All of such personal property was originally purchased by respondent with his separate funds. When respondent appealed to the Court of Civil Appeals, he complained only of the trial court's action in awarding the automobile and household furnishings to petitioner. The intermediate court reversed and remanded, holding: (1) that there is no evidence to support a finding that petitioner had acquired the property by gift from respondent, and (2) that the circumstances of the parties will not justify an award of the same to petitioner in an exercise of the powers conferred upon the district court by Article 4638.[1] On motion for rehearing, Associate Justice Renfro filed a dissenting opinion stating only that he would affirm the judgment of the trial court. 350 S.W. 2d 578.

■ We are met on the outset by respondent's motion to dismiss the application for writ of error for want of jurisdiction. Since this is a divorce case, our jurisdiction must rest upon either Subdivision 1 or Subdivision 2 of Article 1728. See Article 1821; Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682. Petitioner asserts jurisdiction under both of these subdivisions, but we agree with respondent that the holdings of the Court of Civil Appeals in the present case are not so clearly in conflict with the decisions relied upon by petitioner as to authorize us to exercise jurisdiction under Subdivision 2. The rulings are not upon the same or such similar facts that the earlier decisions, if followed, would necessarily determine the disposition of this appeal. See International Harvester Co. v. Stedman, 159 Tex. 593, 324 S.W.2d 543.

■ Subdivision 1 of Article 1728 extends our jurisdiction to cases in which the judges of the Court of Civil Appeals disagree upon any question of law material to the decision. Respondent argues that we do not have such a case here because it is impossible to determine from the dissenting opinion the precise question or questions on which the members of the Court of Civil Appeals disagreed. A different problem would be presented if the judgment of the intermediate court were based to any extent on its determination of a question of fact. According to the opinion filed in this case, the judgment of the trial court was reversed and the cause remanded because of the conclusions reached by the majority on two questions of law. Since the dissenting justice concluded that the judgment of the trial court should be affirmed, he must have: (1) disagreed with the majority on one or both of the law questions discussed in the opinion, (2) determined that such questions were not properly preserved and presented for decision, or (3) decided that the holdings made by the majority did not justify or require that the judgment of the trial court be reversed. In either event he necessarily disagreed with the majority on some ques-

1. All statutes are referred to by the article number under which they appear in Vernon's Ann.Tex.Civ.Stat.

tion of law that was of controlling importance in disposing of the case. This gives us jurisdiction under Subdivision 1 of Article 1728, and the motion to dismiss is accordingly overruled. It should be pointed out, however, that when the justices of the Court of Civil Appeals are unable to agree as to the disposition of a case in which the decision of the intermediate court would ordinarily be final under the provisions of Article 1821, a brief statement indicating the points of difference will facilitate a determination of whether the Supreme Court has jurisdiction.

■ Findings of fact and conclusions of law were not requested or filed, and the judgment of the trial court should be affirmed if it can be upheld on any legal theory that finds support in the evidence. Petitioner testified that when the Cadillac was purchased, respondent said, "I am giving you the car. I want you to have this Cadillac. I am keeping it in my name, because I am making payments on it, and it should be in my name for this reason." Respondent admitted that he turned the automobile over to petitioner when it was purchased, and the evidence shows that it was thereafter used by her.

■ For a time after their marriage the parties lived in a home owned by respondent in Dallas. The furnishings in question were originally purchased for and placed in that home. There were a number of separations and reconciliations, and the parties eventually moved the furniture to a house owned by petitioner's mother in Ft. Worth. They lived there until respondent left at the time of their final separation just prior to the suit for divorce. According to petitioner's testimony respondent told her repeatedly that he was giving her the furniture. After they moved to Ft. Worth, he said, "Mama, now you have a whole beautiful houseful of furniture and this house, if we don't—whatever happens between us." On several occasions he told her that the furniture and automobile were hers. Respondent denied that he had given either to

petitioner, but we may consider only the evidence which tends to support an implied finding of gift and must disregard any that leads to a contrary conclusion.

■ The Court of Civil Appeals concluded that the evidence of respondent's acts and declarations does not support a finding of gift because there is nothing to show delivery of possession and an absolute parting with interest in the subject matter. While the authorities are agreed that actual or constructive delivery to the intended donee is ordinarily essential to an effective gift inter vivos, they disagree as to whether the trier of fact may find a delivery when there is no proof of it other than subsequent declarations of the donor. See Annotation 124 A.L.R. 1391. Texas is one of the jurisdictions holding that statements by the donor indicating that he had given the chattel to the donee are sufficient to raise an issue of fact as to whether there was a delivery. Lord v. New York Life Ins. Co., 95 Tex. 216, 66 S.W. 290, 56 L.R.A. 596, 93 Am.St.Rep. 827. See also Brown v. Fore, Tex.Com.App., 12 S.W.2d 114, 63 A.L.R. 435. Respondent points out that the donor's declarations in the Lord case were established by the testimony of disinterested witnesses, and at one time the donor had placed the insurance policy and other papers in the hands of one of the witnesses for safekeeping. Although respondent argues to the contrary, we do not think the rule there laid down can be limited to cases where the testimony comes from persons not parties to the controversy or in which some specific act of the donor might be said to constitute a delivery. Petitioner's testimony is as competent to raise an issue of fact as the same evidence coming from a disinterested witness.

■ As pointed out in Cox v. Windham, Tex.Civ.App., 10 S.W.2d 136 (wr. ref.), the rules as to delivery are relaxed somewhat where the donor and donee are members of a family living together in the same house. See also 38 C.J.S. Gifts § 23 p. 803. In determining whether there has been a delivery

from a husband to his wife, the relation of the parties as well as the nature and situation of the subject matter must be considered. See 41 C.J.S. Husband and Wife § 150 p. 621. Respondent told petitioner he was giving her the Cadillac, and at the same time delivered the vehicle into her possession. This is enough to support a finding that the automobile was given to her. See Collins v. Austin, Tex.Civ.App., 32 S.W.2d 912 (wr. ref.). Similar statements were made with reference to the household furnishings. While such property remained in the home occupied by the parties, it could have been in the possession of respondent or petitioner or both. Respondent repeatedly said, in effect, that the furnishings belonged to petitioner. We think the trial court was entitled to infer from these declarations that respondent had delivered the chattels to petitioner and relinquished all dominion and control over the same. The evidence is sufficient to raise an issue of fact, and respondent did not contend in the Court of Civil Appeals that the implied finding of gift is contrary to the overwhelming weight and preponderance of the evidence.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.