**Charles ESQUIVO, Jr., Appellant,**

v.

**B. E. FEUHS, Appellee.**

**No. 363.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 8, 1970.

Frank Shaw, Law Offices of Bernard S. Stolbun, Houston, for appellant.

Billy E. Lee, Darnell, Lee & Halden, Houston, for appellee.

SAM D. JOHNSON, Justice.

Appellant, Charles Esquivo, Jr., brought this action on a promissory note allegedly made by appellee, B. E. Feuhs. Trial was before the court. From a take-nothing judgment, appellant has perfected appeal.

The note in question was alleged to have been executed by appellee Feuhs on January 31, 1962, in consideration for bookkeeping work which had been done for him by appellant Esquivo, payment not having been made for such work. By way of answer Feuhs denied execution of the note and pled that it was without consideration. Appellee Feuhs also stated that appellant Esquivo had been guilty of negligence in preparing tax returns for him and stated that this had resulted in tax penalty and interest being assessed against him by the Internal Revenue Service.

Appellant Esquivo places reliance on a single point of error. It states:

"The court ruled, after presentation of evidence by both sides, that the Plain-

tiff had failed to include in its presentation, evidence showing presentment or demand for payment of the promissory note, of the Appellee, and that the non-presentation of such evidence was a fatal flaw in the Plaintiff's case resulting in judgment against the Plaintiff."

Appellant evidently contends that the trial court erred in rendering judgment against him on the ground that there was no evidence of the note in question being presented or a demand being made upon it. Nowhere in this record is there any indication that the trial court based its judgment on this theory. Appellant requested no findings of fact or conclusions of law. In the absence of such findings or conclusions this Court must affirm the judgment of the trial court if the judgment can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup. 1968); Bishop v. Bishop, 359 S.W.2d 869 (Tex.Sup.1962).

The appellee testified that the signature on the note appeared "close enough" to be his, but stated that he did not recall executing the note to appellant. Appellee also denied owing the amount in question to appellant. Appellee further testified that much of the work for which the note was allegedly executed was not done and that a great deal of the work was performed with little care and resulted in financial loss to him.

In determining the legal sufficiency of evidence to support a judgment rendered by the trial court without the aid of a jury in the absence of findings of fact and conclusions of law, only evidence in support of the implied finding may be considered and evidence which leads to a contrary finding must be disregarded. Bishop v. Bishop, supra. Under the pleadings and evidence recited above, we cannot hold as a matter of law that judgment could not have been rendered based upon an implied finding by the trial court that appellee did not execute the note or that

there was no consideration for the note. The evidence supporting the theory upon which judgment is impliedly based need not be strong but only some evidence of probative value. Seaman v. Seaman, supra. Appellee's testimony which placed in question execution of the note and consideration for it was sufficient to support the trial court's judgment which could well have been based on either theory.

Appellant failed to request findings of fact and conclusions of law. Instead he has predicated his appeal only upon the ground that one particular theory upon which judgment could have been based was not sufficient to support the judgment. The specific theory attacked by appellant was not shown by the record to have been under consideration, much less to have been controlling upon the trial of the cause. Appellant has not met his burden of showing that there is no theory upon which judgment could have been based. See Richardson v. Raby, 376 S.W.2d 422 (Tex.Civ. App.1964), no writ. There being evidence to support a theory upon which the trial court could have entered judgment, the judgment of the trial court is affirmed.