**Richard. F. LOOMIS, Jr., Appellant,**

v.

**NATIONAL SURETY CORPORATION, Appellee.**

**No. 5152.**

Court of Civil Appeals of Texas, Waco.

July 13, 1972.

Andress & Woodgate, Dallas, for appellant.

Schroeder, Guest & Hoffmeyer, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Loomis from judgment for plaintiff National Surety, for $150 subsequent year premium (plus $200 attorney's fees), on two indemnity bonds written by plaintiff for defendant, to Southwest Land Title Company.

Loomis had a judgment against him for attorney's fees in a divorce case which had been superseded on appeal. Southwest Land Title Company was unwilling to issue title policies on two land transactions Loomis desired to close, unless it was indemnified against costs which might arise from that judgment; and Loomis indemnified Southwest with two indemnity bonds written by plaintiff. Loomis paid the first year premium on these two bonds ($100 on the 1st; $50 on the 2nd), and this suit was brought by National Surety for 3 years additional premiums on each bond ($300 on the 1st; $150 on the 2nd), plus attorney's fees. Plaintiff sued on the two written applications signed by Loomis.

Trial was before the court which rendered judgment for plaintiff for $150, plus $200 attorney's fees.

Defendant appeals contending: 1) There is no evidence to sustain the judgment; 2) There is no theory of law upon which the judgment can be sustained.

The applications for surety bonds which defendant signed provide defendant agreed "To pay the Surety in advance

$———————— as the premium for the first year  * * *  and the same amount annually thereafter until the Surety shall be discharged or released from any and all liability * * *. *If the amount of the premium for the first year be not inserted in the blank space above, such premium shall be computed and paid in accordance with the Surety's regular manual of rates effective at the date of the execution of said Bond"*.

The application further provided defendant liable for attorney's fees plaintiff might sustain by reason of having executed the bond.

The space providing the amount of the first year's premium was left blank. The witness Fritz testified in effect that the "manual" called for an annual premium of $100 per year on one of the bonds and $50 per year on the other bond. Witness Fritz contradicted herself in some particulars, but we think the trial court authorized to view her testimony as summarized above.

Findings of fact and conclusions of law were not requested. In such event the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Bishop v. Bishop, Tex., 359 S.W.2d 869, Seaman v. Seaman, Tex., 425 S.W.2d 339.

The statement of facts as a whole, considering the evidence most favorable to the judgment, and disregarding evidence contradictory in its nature, is sufficient to support the judgment.

Defendant's points are overruled.

Affirmed.