**FIRST STATE BANK OF GRAPELAND, Appellant,**

v.

**Jerry Al BROWN, Appellee.**

**No. 668.**

Court of Civil Appeals of Texas, Tyler.

Jan. 4, 1973.

Joe E. Griffith, Crockett, for appellant.

James N. Parsons, III, Palestine, for appellee.

McKAY, Justice.

Appellee brought a declaratory judgment suit against appellant and Occidental Chemical Co. asking the court to find and declare that a house and 6.06 acres of land upon which it was located constituted the homestead of appellee and, as such, was exempt from the force and effect of an abstract of judgment recorded in Anderson County by appellant and another by Occidental Chemical Co. After a hearing, the trial court rendered judgment that the house and 6.06 acres constituted appellee's homestead at all times material to the issues and that the abstracts of judgment were without force and effect upon such premises and improvements. Occidental Chemical Co. did not perfect an appeal, but appellant bank brings this appeal contending there is no evidence, or insufficient evidence, as a matter of law, to support the finding and judgment that appellee's house and 6.06 acres of land constituted a rural homestead, and if it be an urban homestead, the uncontroverted evidence established its value in excess of $10,000.

The trial court made no finding or conclusion in the judgment whether such premises constituted a rural homestead or an urban homestead.

We are first confronted with appellee's motion to dismiss the appeal on the ground that appellee has filed a petition in bankruptcy in which he claimed the property involved here was exempt as homestead under State law, and that the Bankruptcy Court by order allowed such exemption. We overrule the motion.

In 9 Am.Jur.2d, Sec. 649, p. 490, it is stated: "Exempt property constitutes no part of the bankrupt estate, and the jurisdiction of the court of bankruptcy over such property is limited to the functions of ascertaining what property is exempt and of setting off to a bankrupt such property as is found to be exempt." The rights of lien creditors with reference to exempt property must be determined in State courts. Bogart v. Cowboy State Bank & Trust Co., 182 S.W. 678 (Tex.Civ.App., Amarillo, 1915, no writ).

State laws creating exemptions control as to the kind and amount of property which is exempt to a bankrupt. Williams v. Writ, 423 F.2d 761 (CA5, Florida, 1970).

" * * * A court of bankruptcy has jurisdiction to set apart, segregate, and deliver to the bankrupt a homestead as exempt to him, but it has no jurisdiction to adjudicate whether the property set apart is unencumbered or subject to liens, or to determine the respective priorities of liens, if any exist." 9 Am.Jur.2d, Sec. 662.

Findings of fact and conclusions of law were requested by appellant but the request came too late and the trial court did not comply with the request. Therefore, we have a case tried before the court without a jury without findings or conclusions. Under these circumstances the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman,

425 S.W.2d 339 (Tex.Sup., 1968); Bishop v. Bishop, 359 S.W.2d 869 (Tex.Sup., 1962); Esquivo v. Feuhs, 459 S.W.2d 490 (Tex. Civ.App., Houston 14th, 1970, n. w. h.).

Appellee and his wife bought 6.06 acres of land in June, 1970, and after clearing the land built a house thereon and moved into it in August, 1970. Appellee testified it was his intention to occupy such home as his homestead "from now on." They have four children whose ages are 12, 10, 3 and 1½. The property is located about two miles from the city limits of Palestine in a residential area. The 6.06 acre tract cost between $5,000 and $6,000 and appellee borrowed $25,000 from a savings and loan association to build the house. Appellee had previously owned a home near Houston and had sold that home and used the proceeds to apply on the property involved here. Appellee testified the property was worth $35,000 to $40,000. He also testified houses in the area are located on five or six acre blocks. Mail is delivered on a rural route. Appellee kept a horse on his premises and others in the area did also. There are 17 houses in the vicinity over a three or four mile area. Appellee had his own water supply and sewage system. There is no gas line to the property. The house is located about 1,000 feet off a county farm to market road. Appellee testified, "It is a subdivision out of which there is all different size acreages. * * * My neighbor right across the street has about ninety acres in his."

Appellee's wife testified: "It is one of the nicest areas in Palestine, I think. The lots are large and it is nice living out there. Some of the lots are very large lots. * * It is a combination, rural. Some of the homes out there keep some livestock and some do not."

In Esquivo v. Feuhs, supra, it is stated: "In determining the legal sufficiency of evidence to support a judgment rendered by the trial court without the aid of a jury and in the absence of findings of fact or conclusions of law, only evidence in support of the implied finding may be considered and evidence which leads to a contrary finding must be disregarded."

 Whether a homestead is rural or urban is ordinarily a question of fact. 28 Tex.Jur.2d Homesteads, Sec. 47, p. 428; Kimmey v. Goodrum, 346 S.W.2d 901 (Tex. Civ.App., Waco, 1961, writ ref., n. r. e.). We conclude that the implied finding by the trial court that the property involved in this case constitutes the rural homestead of appellee is supported by evidence of probative force and should be upheld.

Judgment of the trial court is affirmed.