**ALAMO LUMBER COMPANY, Appellant,**

v.

**SOUTHWESTERN SOUND CONTROL, INC., Appellee.**

**No. 7515.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 11, 1973.

Rehearing Denied Nov. 1, 1973.

Foster, Lewis, Langley, Gardner & Banack, San Antonio, for appellant.

V. E. Lanfear, Jr., San Antonio, for appellee.

KEITH, Justice.

Defendant below appeals from a judgment entered in a non-jury trial wherein

plaintiff sued for the price of materials and labor it had furnished to the defendant. We will refer to the parties as they appeared in the trial court.

Defendant was the contractor engaged in constructing shopping centers in Temple and Harlingen (as well as other cities in Texas). It entered into a contract with plaintiff to install the flooring and acoustical ceilings in the centers at an agreed unit price for the type of material selected by defendant. The contract did not have a specific provision relating to the time within which plaintiff was to perform its work, but there was typed therein the words: "as needed by the general contractor."

Plaintiff completed all of the work required of it under the contracts at Harlingen and Temple, except as to a few unleased store units, in 1967 or early in 1968, the exact dates not being shown in the record. Several months later, defendant's superintendent, Gerodetti, called plaintiff's officer who had executed the original contract, Mitchell, and "asked me if I would lay the floors and do the ceiling in these small leases" in the shopping center at Temple. Then, according to Mitchell's testimony, he declined, saying:

"I suggested that he get a local contractor out of Temple or Harlingen, *because we were through,* and to send a man from Ft. Worth to do it, I could probably get someone in Temple—he could probably get someone in Temple or Harlingen to do it cheaper." (emphasis supplied)

Gerodetti did get a local man to do the additional work on one of the centers but, according to Mitchell, "He called me back and said that—something to the effect that they had robbed him, that they were charging him too much." Mitchell then testified that he told Gerodetti that, while he would furnish the material at the original unit price, he would have to charge extra for the freight and travel time to send a man down there to do the work. Mitchell then testified:

"He [Gerodetti] said, 'Go ahead and do it', and they would pay the extras, because they had to get these leases done."

Gerodetti then wrote to his superiors in San Antonio reminding defendant's officers that plaintiff had bid upon a complete center in order to afford a lower price and that plaintiff's officer, Mitchell, "reminded me at the time that our agreement was based on his being able to come in and do everything at one time." The letter also told of the additional costs to be incurred by plaintiff on the small completion jobs and concluded that plaintiff's new prices "are very reasonable, considering the small amount and distance involved."

Plaintiff sought to recover the fair value of the extra costs it incurred and judgment was rendered in its favor for the amount claimed. The defendant offered no original evidence. No findings of fact or conclusions of law were filed and defendant appeals upon two points of error: that there was no evidence or insufficient evidence of any consideration to support any modification of the terms of the written agreement.

Plaintiff declines to do battle upon defendant's chosen ground, saying that it did not try its case upon any theory of modification, but upon the theory of a subsequent parole agreement entered into after the termination of the prior written agreement.

The rule governing this situation is that announced in Seaman v. Seaman, 425 S. W.2d 339, 341 (Tex.1968):

"When findings of fact and conclusions of law are not requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.Sup.1962)."

We are required to consider only the evidence which tends to support the

implied finding of the trial court and to disregard the evidence which leads to a contrary result. Bishop v. Bishop, 359 S. W.2d 869, 871 (Tex.1962); Esquivo v. Feuhs, 459 S.W.2d 490, 491 (Tex.Civ.App., Houston—14th Dist., 1970, no writ).

■ We have reviewed the evidence introduced before the court and are unable to conclude that the trial court based its judgment upon the theory of modification asserted by defendant. Instead, it is apparent that the trial court found that the written contract had been completed and that the subsequent work done by plaintiff was based upon the parole agreement negotiated by Gerodetti and Mitchell. As was said by Justice Johnson while upon the Court of Civil Appeals, in Esquivo v. Feuhs, supra:

> "The specific theory attacked by appellant was not shown by the record to have been under consideration, much less to have been controlling upon the trial of the cause. Appellant has not met his burden of showing that there is no theory upon which judgment could have been based. See Richardson v. Raby, 376 S. W.2d 422 (Tex.Civ.App.1964), no writ. There being evidence to support a theory upon which the trial court could have entered judgment, the judgment of the trial court is affirmed." (459 S.W.2d at 491)

So it is here, notwithstanding defendant's reliance upon Stone v. Morrison & Powers, 298 S.W. 538, 539 (Tex.Comm. App.1927, holding approved). In the cited case, Judge Speer noted that there was nothing in the pleadings or the evidence to make it a case of novation nor was there any contention that a new contract was entered into. Had such contentions been made, such "would have presented a different question." (298 S.W. at 539)

Finding no reversible error in the record, the judgment of the trial court is affirmed.