Opinion issued August 31, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00278 CV

———————————

PHILLIP
HEAD and RENA HEAD, Appellants

V.

DEUTSCHE BANK
 NATIONAL TRUST COMPANY, AS TRUSTEE FOR
LONG BEACH MORTGAGE LOAN TRUST 2003-2, Appellee



 



 

On Appeal from the 212th District Court

Galveston County, Texas



Trial Court Case No. 05-CV-0610

 



 

MEMORANDUM OPINION

The
trial court rendered summary judgment awarding foreclosure on a home equity
loan.  The homeowners claim the lien was
not properly perfected, but these claims were previously brought and finally
resolved in bankruptcy court.  We affirm.

Procedural
Background

Appellee Deutsche National Bank Trust, as
Trustee for Long Beach Mortgage Loan Trust 2003‑2, sued appellants
Phillip Head and Rena Head to foreclose a lien for a home equity loan.  See
Tex. R. Civ. P. 735(2); see also Tex. Const. art. XVI, § 50(a)(6) (authorizing home equity
loans).  The Bank subsequently filed a
motion for summary judgment seeking foreclosure.  See
Tex. R. Civ. P. 166a(a), (c).  The Bank’s summary judgment evidence included
a February 4, 2003 note, security instrument, assignment of lien from the
original holder to the Bank, and an affidavit that the total amount due as of December
18, 2008 was $834,372.75.

The Heads filed a response to the
motion for summary judgment in which they claimed: (1) the lien was invalid
because it was not perfected as required by Texas Constitution article XVI,
section 50(a)(6); (2) the defects in perfecting the lien were not cured; (3) no
notice was given to the Heads that they could rescind the home equity loan; and
(4) the Bank had not produced the original note to show it was the holder in
due course.  The Heads’ summary judgment evidence
included a February 3, 2003 notice concerning extensions of credit, a February
4, 2003 settlement statement, and the affidavit of Rena Head, in which she
stated that the closing statement was materially changed after she signed it.

The Bank filed a reply and claimed
that res judicata barred the Heads from relitigating the invalidity of the lien
because of a February 23, 2007 order dismissing with prejudice an adversary
proceeding in bankruptcy court.  The Bank
provided summary judgment evidence that included (1) the Heads’ complaint in
bankruptcy court against the Bank seeking to invalidate the lien and (2) the
bankruptcy court’s order dismissing with prejudice “any claims or causes of
action that could or should have been brought.” 
See Casciato‑Northrup, Tr. v. Deutsche Nat’l Bank Trust Co., Adversary
No. 05‑3799 (In re Head, No. 05‑42027‑H4‑7)
(Bankr. S.D. Tex., Feb. 23, 2007).  The
appellate record does not contain any response by the Heads to the Bank’s
assertion of res judicata.

The trial court granted the Bank’s
motion and rendered a final summary judgment for $834,372.75 and awarded
foreclosure.  The Heads bring three
issues on appeal: (1) the procedure for a home equity loan was not properly
followed and the lien against the homestead was invalid and unconstitutional;
(2) the Bank did not attempt to cure the defect in the execution of the home
equity loan when it was notified of the defect; and (3) the bankruptcy court
did not have jurisdiction to determine the validity of a lien against a Texas
homestead.

 

Analysis

Standard of review

The standard of review for a traditional summary judgment is well
established: (1) the movant for summary judgment has the burden of showing that
no genuine issue of material fact exists and that it is therefore entitled to
summary judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to
the nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in the nonmovant’s favor.  See,
e.g., Nixon v. Mr. Property Mgmt. Co.,
690 S.W.2d 546, 548–49 (Tex. 1985).  Issues
not expressly presented to the trial court by written motion, answer, or other
response shall not be considered as grounds for reversal.  Tex.
R. Civ. P. 166a(c); see Via Net v.
TIG Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006).

Jurisdiction of the bankruptcy court

          In their third issue, the Heads claim
the United States Bankruptcy Court had no subject‑matter jurisdiction to
determine the validity of the lien on what they claim is their homestead.  As authority, the Heads rely upon a single case,
First State Bank of Grapeland v. Brown,
490 S.W.2d 248 (Tex. Civ. App.—Tyler 1973, no writ).  We interpret this issue as a collateral
attack on the federal bankruptcy court’s order because the Heads claim that
order is void.[1]

          The Heads did not expressly present this
issue to the trial court by written motion, answer, or other response, so it
has been waived.  See Tex. R. Civ. P.
166a(c).  We also note that the only
rationale given by the Heads in their brief on the issue of voidness was that
the Tyler Court of Civil Appeals in First
State Bank discussed a bankruptcy court’s jurisdiction over exempt
property.  See 490 S.W.2d at 249.  Nothing
in First State Bank, however, purports
to authorize a collateral attack upon an order of a bankruptcy court.  The discussion concerned how exempt property at
that time—1973—did not constitute part of the bankruptcy estate.  See id.

          We overrule issue three.

Res judicata

          In issues one and two, the Heads claim
(1) the procedure for a
home equity loan was not properly followed and the lien against the homestead was
invalid and unconstitutional and (2) the Bank did not attempt to cure the
defect in the execution of the home equity loan when it was notified of the
defect.  The Bank raised res judicata as
a defense in its written reply, based on the federal bankruptcy court order,
and the trial court granted the motion for summary judgment.

The
Heads do not challenge the res judicata issue on appeal, other than to argue
that the bankruptcy court had no
subject‑matter jurisdiction to determine the validity of the lien.  Nonetheless, we note the trial court could
have properly based its summary judgment on the preclusive effect of the federal bankruptcy court order.  Federal law controls the determination of
whether res judicata will bar a later state‑court proceeding.  Eagle
Props., Ltd. v. Scharbauer, 807 S.W.2d 714, 718 (Tex. 1990); see Restatement
(Second) of Judgments § 87 (1982) (“Federal law determines the effects under
the rules of res judicata of a judgment of a federal court.”).  Under federal law, the doctrine of res judicata will apply if: (1) the
parties are identical in both suits; (2) the prior judgment is rendered by a
court of competent jurisdiction; (3) there is a final judgment on the merits;
and (4) the same cause of action is involved in both cases.  See Eagle Props.,
807 S.W.2d 718.

An
examination of the federal bankruptcy court’s order reveals that the four
elements have been met.  Rena Head and
Phillip Head filed a complaint against Deutsche National Bank Trust in bankruptcy court, thus satisfying elements one and two.  The Heads sued to invalidate the lien,
claiming that the
procedure for a home equity loan was not properly followed and the lien against
the homestead was invalid and unconstitutional, which satisfies element four.  The bankruptcy court dismissed the case with
prejudice, satisfying element three, a final judgment on the merits.  See
Lentworth
v. Trahan, 981
S.W.2d 720 (Tex. App.—Houston [1st Dist.]
1998, no pet.) (dismissal with prejudice constitutes adjudication
on merits and operates as if case had been fully tried and decided, citing Mossler
v. Shields, 818 S.W.2d 752, 754 (Tex. 1991)
and Lelsz
v. Kavanagh, 903 F. Supp. 1037, 1040 (N.D. Tex. 1995)).

We overrule
issues one and two.

Conclusion

We affirm the trial court’s judgment.

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Alcala, Massengale, and Wilson.[2]











[1]
              The United
States Supreme Court has held that judgments and decrees of the federal courts
of a state have the same dignity in the courts of that state as those of its
own courts.  See Stoll v. Gottlieb,
305 U.S. 165, 170, 59 S. Ct. 134, 136–37 (1938) (citing Dupasseur v. Rochereau, 88 U.S. 130, 135 (1874)), cited with approval in Semtek Int’l, Inc. v. Lockheed Martin Corp.,
531 U.S. 507, 121 S. Ct. 1021, 1027 (2001).





[2]
              The
Honorable Davie L. Wilson, retired justice, Court of Appeals for the First
District of Texas, sitting by assignment.