Josephine SEAMAN, Petitioner,

v.

Margaret SEAMAN, Respondent.

No. B–427.

Supreme Court of Texas.

March 6, 1968.

Rehearing Denied April 3, 1968.

W. G. Perkin, Pharr, for petitioner.

Rankin, Kern, Martinez & Van Wie, Stonewall Van Wie, III, McAllen, for respondent.

CALVERT, Chief Justice.

This is a suit on a promissory note brought by Margaret Seaman in her own right and as the sole heir of her deceased husband, Jonathan Seaman. The defendant is Josephine Seaman individually and in her capacity as independent executrix of the estate of her deceased husband, Irving Seaman, Jonathan's brother. The case was tried without a jury and the trial court entered judgment for the plaintiff. Findings of fact and conclusions of law were neither requested nor filed. The court of

civil appeals affirmed, 417 S.W.2d 86. We affirm.

Sometime in 1950, 1951, or 1952, Josephine and Irving Seaman signed a printed form promissory note for $10,000 payable to Margaret and Jonathan Seaman. The record reflects that the transaction was primarily one between the brothers. The consideration for the note was money lent by Jonathan to Irving and used by him in purchasing the motel in Pharr, Texas, which he and Josephine were managing. Jonathan died July 5, 1963. Irving died June 26, 1964. This suit was filed October 26, 1964.

The note was a demand note, but it was left incomplete at two places where dates were ultimately typed into formal blanks at Jonathan's request during his last illness in 1963. The evidence is conflicting whether a number of other formal blanks were also left incomplete, but the implied findings of the trial court are that they were not and there is evidence to support the findings. The date, "May 6, 1963," was typed into both blanks, one for the date of the instrument and the other the date from which interest would accrue.

Plaintiff's original petition was simply a suit on the note as it appeared in its completed form. Defendant's answer included a plea of limitations, asserting that the note was a demand note from the date it was made and that no authority had been given to fill up the blanks. The answer also included a plea of discharge by virtue of a material alteration of the note. Because the transaction was entered into before the effective date of the Texas Uniform Commercial Code, the issues presented are governed by the Texas Negotiable Instruments Act, Articles 5932–5948.[1] See 2 Tex.Laws 1965, ch. 721 § 10–101, at 179.

Under the Negotiable Instruments Act, the filling up of a formal blank in a note does not constitute a material alteration

---

1. Article references are to Vernon's Texas Civil Statutes Ann.

and does not avoid the instrument within the meaning of Article 5939 §§ 124 and 125. The effect of filling up the formal blanks in a note is governed by Article 5932 § 14. The seeming conflict between filling up formal blanks and material alteration, i. e., between Article 5932 § 14 and Article 5939 §§ 124 and 125, was resolved in Republic National Bank of Dallas v. Strealy, 163 Tex. 36, 350 S.W.2d 914 (1961). See also Britton, Bills and Notes § 282, at 662 (2d ed. 1961).

Section 14 provided:

"Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie authority to complete it* by filling up the blanks therein. * * * In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly *in accordance with the authority given* and *within a reasonable time*. But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time." (Emphasis added.)

■ The statute provided a conclusive presumption in favor of a holder in due course that any filling up of incompleted blanks had been done in accordance with authority and within a reasonable time. It provided a rebuttable presumption in favor of any other holder that the instrument had been filled up in accordance with authority. Since the note was incomplete when the plaintiff and her husband took it, and she does not have the status of a holder in due course and is not entitled to the conclusive presumption in favor of the validity of the note as completed, she had the burden of proving that the note was filled up in accordance with authority. She had the burden of proving, in addition, that it was filled up within a reasonable time.

The trial court impliedly found these facts in her favor. When findings of fact and conclusions of law are not requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.Sup.1962).

■ A copy of the Seaman note is in evidence showing it to be complete. Under the provisions of Section 14, the note in its completed form is prima facie evidence, and created a rebuttable presumption, that it was filled up in accordance with authority. The implied finding that Jonathan acted within his authority when he directed the filling up of the note in 1963 is thus supported by evidence. While lower courts may find in particular cases that a note does not support a finding by a preponderance of the evidence, i. e., that it is not sufficient evidence to support a fact finding, we are not at liberty to hold in light of the statute that a completed note is no evidence, just as a trial court would not be authorized to instruct a verdict or enter a judgment notwithstanding the verdict on the issue of authority when a completed note is in evidence. Our holding in this regard is controlled by the statute which makes the completed note itself prima facie evidence that it was completed in accordance with authority.

■ The other fact which the plaintiff is required to show is that Jonathan acted within a reasonable time. The implied finding of the trial court is that the time was reasonable. The evidence viewed most favorably in support of the judgment indicates that at least ten years passed after the note was made before Jonathan directed that it be filled up with the date, May 6, 1963. It must be admitted that the evidence supporting the finding that less than eleven and more than ten years was a reasonable time is not strong, but we think it amounts to some evidence of probative force. The note grew out of a transaction between the brothers and their wives in

which money was lent for the sole purpose of assisting Irving, apparently the less pecunious brother, in his effort to purchase a motel to be his business. The note bore no interest prior to the time it was dated in 1963. The plaintiff testified that Jonathan, shortly before his death, had directed her to collect the note after he died. While it is strongly disputed, the plaintiff also testified that, even after Jonathan's death Irving asked her not to press him for payment. The record reflects that as long as the brothers lived, their relationship was close and cordial. Article 5948, § 193 provides that "In determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, *and the facts of the particular case.*" We find that under such circumstances the period of delay in filling in the dates was not unreasonable as a matter of law, and that the implied finding of the trial court is supported by some evidence.

 Defendant objected to the opening testimony of Margaret offered to prove the authenticity of the note. The nature of the objection was that Article 3716, commonly referred to as the dead man's statute, barred any testimony from Margaret about her transactions with Jonathan or Irving. The objection was waived when the defendant subsequently called Margaret as a witness and examined her with respect to additional facts and events which had occurred both between her and Jonathan and between her and Irving concerning the note, its collection, and the filling up of the blanks. Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801 (1956). See generally Walker, The Dead Man's Statute, 27 Tex. B.J. 315 (1964).

■ Petitioner contends that the suit was barred by the four-year statute of limitation. We have found that there is evidence to support the implied findings that Jonathan was within his authority when he completed the note and that he did so with-

in a reasonable time. The period of limitation began to run on May 3, 1963, the date of the completed note. Suit was filed October 20, 1965, well within the four-year period provided by Article 5527.

The judgment of the court of civil appeals is affirmed.