NO. 12-01-00335-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




§
 APPEAL FROM THE 


THE STATE OF TEXAS

FOR THE BEST INTEREST §
 COUNTY COURT AT LAW OF

AND PROTECTION OF B.M.


§
 CHEROKEE COUNTY, TEXAS






 

 Appellant B.M. appeals from an order of commitment for temporary inpatient mental health

services. After a hearing without a jury, the trial court ordered Appellant committed to Rusk State
Hospital for a period not to exceed ninety days. In six issues, Appellant asserts his constitutional
rights to due process and equal protection have been violated, the evidence is legally and factually
insufficient to support the order, and he was denied effective assistance of counsel. We affirm. 

 On October 5, 2001, an application for court-ordered temporary mental health services was
filed requesting the court commit Appellant to Rusk State Hospital for a period not to exceed ninety
days. The application was supported by a certificate of medical examination for mental illness,
prepared by a physician, Dr. Moin, who had examined Appellant on that day. Dr. Moin diagnosed
Appellant as Bipolar I and indicated that Appellant is likely to cause serious harm to himself and is
suffering severe and abnormal mental, emotional or physical distress, is experiencing substantial
mental or physical deterioration of his ability to function independently, and is unable to make a
rational and informed decision as to whether or not to submit to treatment. He based this opinion
on Appellant's aggression and illogical speech. He indicated that on October 5, Appellant cut and
burned his hair and started abusing "MJ." Dr. Moin also stated that Appellant presents a substantial
risk of serious harm to himself or others if not immediately restrained. This risk was demonstrated
by Appellant's behavior and by evidence of severe emotional distress and deterioration in his mental
condition to the extent that he cannot remain at liberty. 

 On October 8, 2001, Appellant was examined by Dr. Shakil Siddiqui who then also prepared
a certificate of medical examination for mental illness. Dr. Siddiqui also diagnosed Appellant as
Bipolar I, manic with pychosis. He found that Appellant is likely to cause serious harm to others and
is suffering severe and abnormal mental, emotional or physical distress, is experiencing substantial
mental or physical deterioration of his ability to function independently, and is unable to make a
rational and informed decision as to whether or not to submit to treatment. Dr. Siddiqui relied on
the records which indicated that Appellant was aggressive and disorganized on October 5. He agreed
that Appellant presents a substantial risk of serious harm to self or others if not immediately
restrained, an opinion he based on Appellant's behavior and on evidence of severe emotional distress
and deterioration in Appellant's mental condition to the extent he cannot remain at liberty. Dr.
Siddiqui indicated that, on the date he examined Appellant, he was loud, irritable and paranoid and
that, according to his records, Appellant had been aggressive and disorganized three days earlier.

 Dr. Siddiqui testified at the hearing, first restating his diagnosis that Appellant is Bipolar I,
manic with psychosis. He noted that Appellant's hospitalization on October 5 came within forty-eight hours of his having been discharged from the hospital. Dr. Siddiqui explained that a recent
overt act led to Appellant's hospitalization. Because he was anxious about attending a party,
Appellant took more than the prescribed amount of his medication, which had adverse affects. Dr.
Siddiqui testified that blood tests revealed the amount of medication was in the toxic range. In the
hospital, Appellant was aggressive, threatening, and disorganized. He had to be sedated. Also, he
made inappropriate comments to women, was intrusive with them, and chased them. He further
explained that Appellant needs prompting to dress himself and to feed himself, although he can take
care of his personal hygiene. Finally, he stated that Appellant "goes away," meaning that he loses
track of a conversation. 

 Appellant testified in his own behalf. He stated that he wanted to leave the hospital. He
explained that he had lived alone, without medication, for over a year, at different periods of time. 
He intends to live with his father and get a job as a cook or a waiter. When asked if he had any
intent to hurt himself or anyone else he answered, "I never have." 

 In his sixth issue, Appellant asserts the evidence is neither legally nor factually sufficient to
support the order of commitment. He contends the record is devoid of any factual basis in support
of Dr. Siddiqui's testimony and the record merely reflects that Appellant is mentally ill. Thus, he
argues, the State failed to meet its evidentiary burden under the statute. 

 In reviewing no evidence points of error, the reviewing court must consider only the evidence
and inferences tending to support the trial court's finding, disregarding all contrary evidence and
inferences. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). If there is any
evidence of probative force to support the finding, the no evidence issue must be overruled and the
finding upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997). When the
evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, no more than a scintilla of evidence exists and, in legal effect, is no
evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). However, if the evidence
supplies some reasonable basis for differing conclusions by reasonable minds as to the existence of
a vital fact, some evidence or, in other words, more than a scintilla of evidence exists. Id.

 In addressing a factual sufficiency of the evidence challenge, this court must consider and
weigh all of the evidence and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). Where no findings of fact and conclusions of law were requested of or filed by the trial court
all questions of fact are presumed and found in support of the judgment. Zac Smith & Co. v. Otis
Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987). In the absence of findings of fact and conclusions
of law, the judgment must be affirmed if it can be upheld on any legal theory that finds support in
the evidence. Seaman v. Seaman, 425 S.W.2d 339, 341 (Tex. 1968).

 The trial judge may order a proposed patient to receive court-ordered temporary inpatient
mental health services if the judge or jury finds, from clear and convincing evidence, that the
proposed patient is mentally ill and, as a result of the mental illness he is likely to cause serious harm
to himself, is likely to cause serious harm to others, or is (i) suffering severe and abnormal mental,
emotional, or physical distress, (ii) experiencing substantial mental or physical deterioration of his 
ability to function independently, which is exhibited by his inability, except for reasons of indigence,
to provide for his basic needs, including food, clothing, health, or safety, and (iii) unable to make
a rational and informed decision as to whether or not to submit to treatment. Tex. Health &
Safety Code Ann. § 574.034(a) (Vernon Supp. 2002). To be clear and convincing under this
statute, the evidence must include expert testimony and, unless waived, evidence of a recent overt
act or a continuing pattern of behavior that tends to confirm either the likelihood of serious harm to
the proposed patient or others, or the proposed patient's distress and the deterioration of his ability
to function. Tex. Health & Safety Code Ann. § 574.034(d) (Vernon Supp. 2002). Clear and
convincing evidence means the measure or degree of proof which will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. 
State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).

 The State provided expert testimony explaining that Appellant is mentally ill and describing
an overt act by Appellant, which occurred eleven days before the hearing. Due to anxiety about
attending a party, Appellant took more than the prescribed amount of his medication. Dr. Siddiqui
described the amount as "toxic." As a result, he was so aggressive he had to be sedated. This expert
testimony of an overt act tends to confirm the likelihood of serious harm to both Appellant and
others, thus satisfying the statutory requirement for clear and convincing evidence in support of the
order for temporary inpatient mental health services. See Tex. Health & Safety Code Ann. §
574.034(d). The evidence is legally sufficient to support the trial court's order. See McLaughlin,
943 S.W.2d at 430.

 In addressing Appellant's factual sufficiency complaint, we consider his testimony in
addition to Dr. Siddiqui's testimony. Appellant denied having the intent to hurt himself or anyone
else. Weighing all the evidence, we cannot say that the trial court's finding that Appellant is likely
to cause harm to others and its decision to order Appellant to submit to inpatient mental health
services are so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. See Cain, 709 S.W.2d at 176. Thus, the evidence is factually sufficient to support the trial
court's finding. Because we hold the evidence is both legally and factually sufficient to support the
trial court's order, we overrule Appellant's sixth issue.

 In his first and second issues, Appellant contends the trial court erred in rendering judgment
in violation of state and federal guarantees of due process. He asserts that certain terms found in
section 574.034 of the Health and Safety Code are overly broad, vague, and ambiguous so the statute
is susceptible to a variety of interpretations, making it violative of the due process clause of each
constitution. In his third and fourth issues, he asserts that application of section 574.034 results in
a violation of his right to equal protection under both the state and federal constitutions.

 Appellant did not complain to the trial court that his state and federal constitutional rights
to due process and equal protection were being violated. A constitutional claim must have been
asserted in the trial court to be raised on appeal. Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex.
1993). Therefore, Appellant has not preserved these complaints for review. We overrule
Appellant's issues one, two, three, and four.

 In his fifth issue, Appellant contends he was denied effective assistance of counsel because
trial counsel failed to object to the constitutionality of the applicable statutes. He argues that this
resulted in his being subjected to unconstitutional statutes at trial and the loss of relief due to waiver
on appeal. 

 The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must show
that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is
a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984). Counsel is presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. The appellant has the burden of proving ineffective assistance of counsel
claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). Claims of ineffective assistance of counsel must be supported by the record. See
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. [Panel Op.] 1981). When the record
contains no evidence of the reasoning behind counsel's conduct, we cannot conclude counsel's
performance was deficient. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 The record is silent as to counsel's trial strategy. We have no evidence from counsel's
perspective concerning whether he considered challenging the constitutionality of section 574.034
and, if so, the reasons he decided not to. Therefore, we are unable to determine that the failure to
raise those issues in the trial court constitutes ineffective assistance of counsel. Jackson, 877
S.W.2d at 771. Appellant has failed to show that his counsel's performance fell below the objective
standard of reasonableness. Further, even if we agreed that trial counsel's performance was
deficient, Appellant has failed to make any showing that he was prejudiced as a result. Appellant
alludes to the fact that, had counsel made the objections, the trial court might have agreed with him. 
However, he presents no authority from which we can determine that counsel's constitutional
challenges, if raised, would have been sustained by the trial court. Appellant has failed to show that
there is a reasonable probability that the result of the proceeding would have been different but for
the alleged error made by counsel. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Appellant has
failed to meet his burden of proving ineffective assistance of counsel. Jackson, 973 S.W.2d at 956. 
Accordingly, we overrule Appellant's fifth issue.

 We affirm the trial court's order.

 JIM WORTHEN 

 Justice



Opinion delivered June 28, 2002. 

Panel consisted of Worthen, J., and Griffith, J.















(DO NOT PUBLISH)