NO. 12-02-00080-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 APPEAL FROM THE 


THE STATE OF TEXAS 

FOR THE BEST INTEREST
§
 COUNTY COURT AT LAW OF

AND PROTECTION OF T.R.


§
 CHEROKEE COUNTY, TEXAS






 

 Appellant T.R. appeals from an order of commitment for temporary inpatient mental health

services. After a hearing without a jury, the trial court ordered T.R. committed to Rusk State
Hospital for a period not to exceed ninety days. In six issues, Appellant asserts her constitutional
rights to due process and equal protection have been violated, the evidence is factually insufficient
to support the order, and she was denied effective assistance of counsel. We affirm. 

 On February 7, 2002, an application for court-ordered temporary mental health services was
filed requesting the court commit Appellant to Rusk State Hospital for a period not to exceed ninety
days. The application was supported by a certificate of medical examination for mental illness,
prepared by a physician, Dr. Plyler, who had examined Appellant on the day before. Dr. Plyler
diagnosed Appellant as having schizoaffective disorder. He found that Appellant is likely to cause
serious harm to herself and others. Dr. Plyler relied on Appellant's statement of February 6, 2002
that her husband was going to kill her and on her "assaultive" behavior toward clinic personnel and
police officers. He found that Appellant presents a substantial risk of serious harm to self or others
if not immediately restrained, an opinion he based on Appellant's behavior and on evidence of severe
emotional distress and deterioration in Appellant's mental condition to the extent she cannot remain
at liberty. Dr. Plyler indicated that, on the date he examined Appellant, she exhibited paranoid
delusional behavior and was "assaultive toward" clinic personnel and police officers.

 On February 7, 2002, Appellant was examined by Dr. Moin who then also prepared a
certificate of medical examination for mental illness. Dr. Moin also diagnosed Appellant with
schizoaffective disorder and indicated that Appellant is likely to cause serious harm to others. He
came to this conclusion because Appellant was angry, irritable, and "hyper-talkative." He indicated
that Appellant was "assaultive of" clinic personnel and a police officer. Dr. Moin also stated that
Appellant presents a substantial risk of serious harm to herself or others if not immediately
restrained. This risk was demonstrated by Appellant's behavior and by evidence of severe emotional
distress and deterioration in her mental condition to the extent that she cannot remain at liberty. 

 Dr. Plyler testified at the hearing, first restating his diagnosis that Appellant has
schizoaffective disorder. He explained that, based on his examination of Appellant and review of
medical records, he determined that she is likely to cause harm to herself and others. He testified
that she has a history of discontinuing her medication and returning to very poor reality testing and
threatening to assault her family. Dr. Plyler explained that a recent overt act led to Appellant's
hospitalization. Appellant had been taken to Sabine Valley Center by police, where she attacked
clinic personnel. Dr. Plyler explained that Appellant had grandiose, delusional plans for investing
in real estate for profit when she is indigent. The Sabine Valley Center crisis screening form
indicates that Appellant's February 6 visit to the clinic was her second in twenty-four hours,
exhibiting extremely manic-like symptoms and tangential thought processes. The document also
indicates Appellant had become hyperactive and did not have the ability to be rational or show good
judgment. Further, Appellant has threatened her ex-husband and others, including clinic staff. Dr.
Plyler further explained that Appellant can dress herself and feed herself without assistance or
prompting and she can take care of her personal hygiene. He stated that Appellant cannot obtain the
level of supervision necessary in a less restrictive environment. Finally, Dr. Plyler explained that
Appellant is on a medication that must be monitored through blood tests.

 The record also contains a document entitled "Law Enforcement Officer's Application for
Detention of Person as Mentally Ill." It reflects the officer's belief that Appellant exhibited mental
illness with substantial risk of serious harm to herself or others making immediate restraint
necessary. The officer explained that Appellant was behaving irrationally and made extreme,
grandiose, delusional statements. Also, Appellant threatened her ex-husband and others. The
document was signed by the officer on February 6, 2002.

 Appellant testified in her own behalf. She stated that she has been attacked by people in the
hospital, but she has never threatened any of the staff. She said she wanted to go home and that she
has been doing exceptionally well. She admitted that she had assaulted her ex-husband one time. 
If released, she could live with her sister or her mother. She stated that she would obtain any
recommended treatment outside the hospital, agreeing that she may be "a little manic, a little
hyperactive." 

 In her first issue, Appellant asserts the evidence is not factually sufficient to support the order
of commitment. She contends the record is devoid of any factual basis in support of the doctors'
findings that she is likely to harm herself or others. She argues that the record does not show a recent
overt act or a continuing pattern of behavior as required by the applicable statute. Thus, she argues,
the State failed to meet its evidentiary burden under the statute. 

 In addressing a factual sufficiency of the evidence challenge, this court must consider and
weigh all of the evidence and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). Where no findings of fact and conclusions of law were requested of or filed by the trial court,
all questions of fact are presumed and found in support of the judgment. Zac Smith & Co. v. Otis
Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987). In the absence of findings of fact and conclusions
of law, the judgment must be affirmed if it can be upheld on any legal theory that finds support in
the evidence. Seaman v. Seaman, 425 S.W.2d 339, 341 (Tex. 1968).

 The trial judge may order a proposed patient to receive court-ordered temporary inpatient
mental health services if the judge or jury finds, from clear and convincing evidence, that the
proposed patient is mentally ill and, as a result of the mental illness he is likely to cause serious harm
to himself, is likely to cause serious harm to others, or is (i) suffering severe and abnormal mental,
emotional, or physical distress, (ii) experiencing substantial mental or physical deterioration of his 
ability to function independently, which is exhibited by his inability, except for reasons of indigence,
to provide for his basic needs, including food, clothing, health, or safety, and (iii) unable to make
a rational and informed decision as to whether or not to submit to treatment. Tex. Health &
Safety Code Ann. § 574.034(a) (Vernon Supp. 2002). To be clear and convincing under this
statute, the evidence must include expert testimony and, unless waived, evidence of a recent overt
act or a continuing pattern of behavior that tends to confirm either the likelihood of serious harm to
the proposed patient or others, or the proposed patient's distress and the deterioration of his ability
to function. Tex. Health & Safety Code Ann. § 574.034(d) (Vernon Supp. 2002). Clear and
convincing evidence means the measure or degree of proof which will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. 
State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).

 The State provided expert testimony explaining that Appellant, who is mentally ill, had
assaulted clinic personnel and a police officer on February 6, 2002. He explained that Appellant is
delusional, irrational, and hyperactive. Also, she had threatened her ex-husband and others. This
expert testimony of an overt act, as well as Appellant's mental state, tends to confirm the likelihood
of serious harm to others, thus satisfying the statutory requirement for clear and convincing evidence
in support of the order for temporary inpatient mental health services. See Tex. Health & Safety
Code Ann. § 574.034(d). 

 Although the evidence shows Appellant can dress herself and feed herself without assistance
or prompting, this cannot negate the evidence that she poses a risk to the safety of others. Likewise,
the fact that she had not threatened hospital staff members during her stay at Rusk State Hospital
does not diminish the evidence in the record showing she had recently been assaultive and
threatening. Weighing all the evidence, we cannot say that the trial court's finding that Appellant
is likely to cause harm to others and its decision to order Appellant to submit to inpatient mental
health services are so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. See Cain, 709 S.W.2d at 176. Thus, the evidence is factually sufficient to support the
trial court's finding. We overrule Appellant's first issue.

 In her second and third issues, Appellant contends the trial court erred in rendering judgment
in violation of state and federal guarantees of due process. She asserts that certain terms found in
section 574.034 of the Health and Safety Code are overly broad, vague, and ambiguous so the statute
is susceptible to a variety of interpretations, making it violative of the due process clause of each
constitution. In her fourth and fifth issues, she asserts that application of section 574.034 results in
a violation of her right to equal protection under both the state and federal constitutions.

 Appellant did not complain to the trial court that her state and federal constitutional rights
to due process and equal protection were being violated. A constitutional claim must have been
asserted in the trial court to be raised on appeal. Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex.
1993). Therefore, Appellant has not preserved these complaints for review. We overrule
Appellant's issues two, three, four, and five.

 In her sixth issue, Appellant contends she was denied effective assistance of counsel because
trial counsel failed to object to the constitutionality of the applicable statutes. She argues that this
resulted in her being subjected to unconstitutional statutes at trial and the loss of relief due to waiver
on appeal. 

 The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must show
that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is
a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984). Counsel is presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. The appellant has the burden of proving ineffective assistance of counsel
claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). Claims of ineffective assistance of counsel must be supported by the record. See
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. [Panel Op.] 1981). When the record
contains no evidence of the reasoning behind counsel's conduct, we cannot conclude counsel's
performance was deficient. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 The record is silent as to counsel's trial strategy. We have no evidence from counsel's
perspective concerning whether he considered challenging the constitutionality of section 574.034
and, if so, the reasons he decided not to. Therefore, we are unable to determine that the failure to
raise those issues in the trial court constitutes ineffective assistance of counsel. Jackson, 877
S.W.2d at 771. Appellant has failed to show that her counsel's performance fell below the objective
standard of reasonableness. Further, even if we agreed that trial counsel's performance was
deficient, Appellant has failed to make any showing that she was prejudiced as a result. Appellant
alludes to the fact that, had counsel made the objections, the trial court might have agreed with him. 
However, she presents no authority from which we can determine that counsel's constitutional
challenges, if raised, would have been sustained by the trial court. Appellant has failed to show that
there is a reasonable probability that the result of the proceeding would have been different but for
the alleged error made by counsel. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Appellant has
failed to meet her burden of proving ineffective assistance of counsel. Jackson, 973 S.W.2d at 956. 
Accordingly, we overrule Appellant's sixth issue.

 We affirm the trial court's order.

 Jim Worthen 

 Justice



Opinion delivered August 7, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)