NO. 12-02-00123-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS FOR
§
 APPEAL FROM THE 



THE BEST INTEREST AND
§
 COUNTY COURT AT LAW



PROTECTION OF M.R.
§
 CHEROKEE COUNTY, TEXAS

 

 Appellant M.R. appeals from an order of commitment for temporary inpatient mental health

services. After a hearing without a jury, the trial court ordered M.R. committed to Rusk State
Hospital for a period not to exceed ninety days. In seven issues, Appellant asserts his constitutional
rights to due process and equal protection have been violated, the evidence is legally and factually
insufficient to support the order, and he was denied effective assistance of counsel. We affirm.


Background

 On April 1, 2002, an application for court-ordered temporary mental health services was filed
requesting the court commit Appellant to Rusk State Hospital for a period not to exceed ninety days. 
The application was supported by a certificate of medical examination for mental illness, prepared
by a physician, Dr. C.B. Cuellar, who had examined Appellant on March 29, 2002. Dr. Cuellar
diagnosed Appellant as having schizoaffective disorder, bipolar type and determined that Appellant
is mentally ill. He also indicated that Appellant is likely to cause serious harm to himself and is
suffering severe and abnormal mental, emotional or physical distress, is experiencing substantial
mental or physical deterioration of his ability to function independently, and is unable to make a
rational and informed decision as to whether or not to submit to treatment. His opinion was based
on the facts that Appellant was agitated, profane, and out of touch with reality. He indicated that on
March 29, Appellant drove himself to Rusk State Hospital and was "cussing" caregivers in Houston. 
Dr. Cuellar also stated that Appellant presents a substantial risk of serious harm to himself or others
if not immediately restrained. This risk was demonstrated by Appellant's behavior and by evidence
of severe emotional distress and deterioration in his mental condition to the extent that he cannot
remain at liberty.

 On April 3, 2002, Appellant was examined by Dr. Victoria Morgan who then also prepared
a certificate of medical examination for mental illness. Dr. Morgan diagnosed Appellant as suffering
from schizoaffective disorder and a psychotic disorder secondary to a head injury. She found that
Appellant is mentally ill and likely to cause serious harm to others. Dr. Morgan relied on
Appellant's statement of April 3 that he would "take out" family members. She agreed that
Appellant presents a substantial risk of serious harm to self or others if not immediately restrained,
an opinion she based on Appellant's behavior. Dr. Morgan indicated that, on the date she examined
Appellant, he stated that he does not need medication because there is nothing wrong with him. 
Further, Appellant was irrational, paranoid, and an impulsive danger to his family.

 Dr. Morgan testified at the commitment hearing and verified the information in her
certificate. She explained that, on the day she examined Appellant, he said he was feeling angry and
aggressive and that he would act on his threat to family members if he did not remove himself from
the situation. She also stated he exhibited symptoms of paranoia, psychosis, and impulsivity. On
cross-examination, Dr. Morgan explained that Appellant is not cooperative with treatment of any
type and that he has made no improvement since his admission to the hospital. She stated that he
has committed no overt act or made any overt statement of intent to harm himself or others since his
admission to the hospital. He can dress and feed himself, take care of his personal hygiene and
initiate conversation and respond appropriately. On redirect, Dr. Morgan explained that Appellant's
history shows that when he leaves the hospital he goes off his medication. He does not interact with
family members in a constructive way. He gets agitated and irritable at them. In the past, he has
been assaultive and "tore up" his house. She also stated that he has ongoing paranoid delusions.

 Appellant explained to the court that he came to Rusk State Hospital to get his thoughts
together but he did not need drugs as they have adverse effects on him. He further explained that
people break into his apartment in Harris County while he is asleep and inject drugs into him.

 The trial court entered an order for temporary inpatient mental health services after
determining that the evidence supports the allegations that Appellant is mentally ill and likely to
cause serious harm to others. The court ordered Appellant committed to Rusk State Hospital for a
period not to exceed ninety days.


Sufficiency of the Evidence

 In his sixth issue, Appellant asserts the evidence is neither legally nor factually sufficient to
support the order of commitment. He contends the record does not show he is likely to cause serious
harm to himself or to others, is suffering severe and abnormal mental, emotional, or physical distress,
is experiencing substantial deterioration of the ability to function independently, or is unable to make
a rational and informed decision regarding whether to submit to treatment. Thus, he argues, the State
failed to meet its evidentiary burden under the statute. 

 In his seventh issue, Appellant asserts the trial court erred in ordering the temporary inpatient
mental health services in the absence of a showing of a recent overt act. He asserts the doctor
testified that Appellant did not engage in an overt act and no testimony indicated a continuing pattern
of behavior.

 In reviewing no evidence points of error, the reviewing court must consider only the evidence
and inferences tending to support the trial court's finding, disregarding all contrary evidence and
inferences. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). If there is any
evidence of probative force to support the finding, the no evidence issue must be overruled and the
finding upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997). When the
evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, no more than a scintilla of evidence exists and, in legal effect, is no
evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). However, if the evidence
supplies some reasonable basis for differing conclusions by reasonable minds as to the existence of
a vital fact, some evidence or, in other words, more than a scintilla of evidence exists. Id.

 In addressing a factual sufficiency of the evidence challenge, this Court must consider and
weigh all of the evidence and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). Where no findings of fact and conclusions of law were requested of or filed by the trial court,
all questions of fact are presumed and found in support of the judgment. Zac Smith & Co. v. Otis
Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987). In the absence of findings of fact and conclusions
of law, the judgment must be affirmed if it can be upheld on any legal theory that finds support in
the evidence. Seaman v. Seaman, 425 S.W.2d 339, 341 (Tex. 1968).

 The trial judge may order a proposed patient to receive court-ordered temporary inpatient
mental health services if the judge or jury finds, from clear and convincing evidence, that the
proposed patient is mentally ill and, as a result of the mental illness he is likely to cause serious harm
to himself, is likely to cause serious harm to others, or is (i) suffering severe and abnormal mental,
emotional, or physical distress, (ii) experiencing substantial mental or physical deterioration of his 
ability to function independently, which is exhibited by his inability, except for reasons of indigence,
to provide for his basic needs, including food, clothing, health, or safety, and (iii) unable to make
a rational and informed decision as to whether or not to submit to treatment. Tex. Health &
Safety Code Ann. § 574.034(a) (Vernon Supp. 2002). To be clear and convincing under this
statute, the evidence must include expert testimony and, unless waived, evidence of a recent overt
act or a continuing pattern of behavior that tends to confirm either the likelihood of serious harm to
the proposed patient or others, or the proposed patient's distress and the deterioration of his ability
to function. Tex. Health & Safety Code Ann. § 574.034(d) (Vernon Supp. 2002). Clear and
convincing evidence means the measure or degree of proof which will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. 
State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).

 The State provided expert testimony explaining that Appellant is mentally ill and describing
an overt act by Appellant, his threats to "take out" family members, which occurred just six days
before entry of the order. Dr. Morgan explained that Appellant told her he had to remove himself
from the situation or he would harm family members. This expert testimony of an overt act tends
to confirm the likelihood of serious harm to others, thus satisfying the statutory requirement for clear
and convincing evidence in support of the order for temporary inpatient mental health services. See
Tex. Health & Safety Code Ann. § 574.034(d). The evidence is legally sufficient to support the
trial court's order. See McLaughlin, 943 S.W.2d at 430.

 In addressing Appellant's factual sufficiency complaint, we consider the remainder of the
evidence. On cross-examination, Dr. Morgan stated that Appellant had not committed any overt acts
or made any statements threatening to harm others since being admitted to the hospital. In his
interview with Dr. Morgan, Appellant denied having a need for medication, stating there is nothing
wrong with him. Although Dr. Morgan appears to have contradicted herself on cross-examination,
both her certificate and her testimony on direct examination support a finding that Appellant
threatened his family. Where there is conflicting evidence, the trier of fact's verdict on such matters
is generally regarded as conclusive. Beall v. Ditmore, 867 S.W.2d 791, 796 (Tex. App.-El Paso
1993, writ denied). Thus, the evidence shows a substantial threat of future harm to others based on
a threat in the recent past. See Seekins v. State, 626 S.W.2d 97, 99 (Tex. Civ. App.-Corpus Christi 
1981, no writ). Further, Dr. Morgan testified that Appellant has a history of going off his medication
after leaving the hospital. Then he does not interact with family members in a constructive way. 
Instead, he gets agitated and irritable. He has been assaultive and has ongoing paranoid delusions. 
Thus, the evidence supports a finding of a continuing pattern of behavior showing Appellant is likely
to harm others. 

 Weighing all the evidence, we cannot say that the trial court's finding that Appellant is likely
to cause harm to others and its decision to order Appellant to submit to inpatient mental health
services are so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. See Cain, 709 S.W.2d at 176. Thus, the evidence is factually sufficient to support the trial
court's finding. Because we hold the evidence is both legally and factually sufficient to support the
trial court's order, we overrule Appellant's sixth and seventh issues.


Constitutional Claims

 In his first and second issues, Appellant contends the trial court erred in rendering judgment
in violation of state and federal guarantees of due process. He asserts that certain terms found in
section 574.034 of the Health and Safety Code are overly broad, vague, and ambiguous so the statute
is susceptible to a variety of interpretations, making it violative of the due process clause of each
constitution. In his third and fourth issues, he asserts that application of section 574.034 results in
a violation of his right to equal protection under both the state and federal constitutions.

 Appellant did not complain to the trial court that his state and federal constitutional rights
to due process and equal protection were being violated. A constitutional claim must have been
asserted in the trial court to be raised on appeal. Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex.
1993). Therefore, Appellant has not preserved these complaints for review. We overrule
Appellant's issues one, two, three, and four.


Ineffective Assistance of Counsel

 In his fifth issue, Appellant contends he was denied effective assistance of counsel because
trial counsel failed to object to the constitutionality of the applicable statutes. He argues that this
resulted in his being subjected to unconstitutional statutes at trial and the loss of relief due to waiver
on appeal. 

 The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must show
that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is
a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984). Counsel is presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. The appellant has the burden of proving ineffective assistance of counsel
claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). Claims of ineffective assistance of counsel must be supported by the record. See
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. [Panel Op.] 1981). When the record
contains no evidence of the reasoning behind counsel's conduct, we cannot conclude counsel's
performance was deficient. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 The record is silent as to counsel's trial strategy. We have no evidence from counsel's
perspective concerning whether he considered challenging the constitutionality of section 574.034
and, if so, the reasons he decided not to. Therefore, we are unable to determine that the failure to
raise those issues in the trial court constitutes ineffective assistance of counsel. Jackson, 877
S.W.2d at 771. Appellant has failed to show that his counsel's performance fell below the objective
standard of reasonableness. Further, even if we agreed that trial counsel's performance was
deficient, Appellant has failed to make any showing that he was prejudiced as a result. Appellant
alludes to the fact that, had counsel made the objections, the trial court might have agreed with him. 
However, he presents no authority from which we can determine that counsel's constitutional
challenges, if raised, would have been sustained by the trial court. Appellant has failed to show that
there is a reasonable probability that the result of the proceeding would have been different but for
the alleged error made by counsel. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Appellant has
failed to meet his burden of proving ineffective assistance of counsel. Jackson, 973 S.W.2d at 956. 
Accordingly, we overrule Appellant's fifth issue.

 We affirm the trial court's order.


 SAM GRIFFITH 

 Justice



Opinion delivered October 31, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.














(DO NOT PUBLISH)