NO. 12-02-00143-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 



§
 APPEAL FROM THE 


THE STATE OF TEXAS 

FOR THE BEST INTEREST §
 COUNTY COURT OF

AND PROTECTION OF C.V.


§
 CHEROKEE COUNTY, TEXAS







 Appellant C.V. appeals from an order of commitment for temporary inpatient mental health

services and an order to administer psychoactive medication. After a hearing without a jury, the trial
court ordered Appellant committed to Rusk State Hospital for a period not to exceed ninety days. 
A week later, after another hearing, the trial court ordered that, while committed to Rusk State
Hospital, the Texas Department of Mental Health and Mental Retardation is authorized to administer
psychoactive medication. In seven issues, Appellant asserts the evidence is legally and factually
insufficient to support the order of commitment, her constitutional rights to due process and equal
protection have been violated, she was denied effective assistance of counsel, and the trial court
erred in ordering administration of psychoactive medication. We affirm. 


Background

 On April 22, 2002, an application for court-ordered temporary mental health services was
filed requesting the court commit Appellant to Rusk State Hospital for a period not to exceed ninety
days. The application was supported by a certificate of medical examination for mental illness,
prepared by a physician, Dr. Cuellar, who had examined Appellant on April 22. Dr. Cuellar
diagnosed Appellant as having psychotic disorder NOS. He found that Appellant is mentally ill and
likely to cause serious harm to others. He also found she is suffering severe and abnormal mental,
emotional or physical distress, is experiencing substantial mental or physical deterioration of her
ability to function independently, which is exhibited by her inability to provide for her basic needs,
and is unable to make a rational and informed decision as to whether or not to submit to treatment. 
Dr. Cuellar also found that Appellant presents a substantial risk of serious harm to herself or others
if not immediately restrained, an opinion he based on Appellant's behavior and on evidence of severe
emotional distress and deterioration in Appellant's mental condition to the extent she cannot remain
at liberty. Dr. Cuellar reached these conclusions because, on April 22, Appellant was profane and
verbally abusive to hospital staff and distanced from reality. Also on that date, Appellant assaulted
a hospital staff member. Further, she had been on her way "to get married to a rich, unsuspecting
gentleman" and created a disturbance with his business.

 On April 23, 2002, Appellant was examined by Dr. Zaki Moin who then also prepared a
certificate of medical examination for mental illness. Dr. Moin also diagnosed Appellant with
psychotic disorder NOS and indicated that Appellant is mentally ill and likely to cause serious harm
to others. He further determined that she is suffering severe and abnormal mental, emotional or
physical distress, is experiencing substantial mental or physical deterioration of her ability to
function independently, which is exhibited by her inability to provide for her basic needs, and is
unable to make a rational and informed decision as to whether or not to submit to treatment. He
came to these conclusions because Appellant was grandiose, delusional, easily angered, and suffered
from mood swings. He indicated that Appellant went to a restaurant to get married to a person
working there. She also became combative at the hospital and assaulted a female staff member. 

 Dr. Moin testified at the hearing, first restating his diagnosis that Appellant has psychotic
disorder NOS. He explained that, based on his examination of Appellant, review of medical records
and history, and discussions with staff members, he determined that she is mentally ill and likely to
cause harm to others, is suffering severe and abnormal mental, emotional, or physical distress, is
experiencing substantial mental or physical deterioration of her ability to function independently,
which is exhibited by her inability to provide for her basic needs, and is unable to make a rational,
informed decision as to whether or not to submit to treatment. Dr. Moin explained that a recent overt
act led to Appellant's hospitalization. Appellant had gone to a restaurant to get married to a person
who was working there. She became very angry and agitated and the police were called. When she
came to Rusk State Hospital, she became combative with female hospital staff. Further, he testified,
she was at a church a few days earlier because she wanted to get married to somebody. She has tried
to leave the hospital, seems to be very delusional, and gets angry very easily with mood swings.

 On cross-examination, Dr. Moin stated that Appellant's condition has deteriorated since
coming to Rusk State Hospital. He agreed that, while at the hospital, Appellant has committed no
overt act nor made any overt statement regarding harm to herself. He further explained that
Appellant can dress herself and take care of her personal hygiene with prompting but without
assistance, and can feed herself without prompting or assistance. She can initiate and respond to
conversation. He stated that Appellant cannot survive safely in freedom and cannot obtain the level
of supervision necessary in a less restrictive environment. Finally, Dr. Moin stated that Appellant
has the capacity to make a rational informed decision regarding her medication treatment.

 Appellant testified in her own behalf. She stated that she did not belong at Rusk State
Hospital. When asked to explain the situation at the restaurant, she responded by questioning what
that had to do with her admittance to a mental hospital. She also stated that incident could not be
grounds for any type of medical treatment. She stated that she is not engaged and had not recently
broken off an engagement. She explained that the police brought her to the hospital, dropped her
off, and left. On cross-examination, Appellant explained that Gus Covey wanted her to come to the
restaurant, so she went. He called the police who took her to an emergency room. She was then
turned over to the Upshur County Sheriff who put her in the back of a car and then drove around in
circles for a good hour, ignoring her.

 The trial court entered an order for temporary inpatient mental health services after
determining that the evidence supports the allegations that Appellant is mentally ill and that she is
likely to cause serious harm to others, is suffering severe and abnormal mental, emotional, or
physical distress, is experiencing substantial mental or physical deterioration of her ability to
function independently, which is exhibited by her inability to provide for her basic needs, and is
unable to make a rational and informed decision as to whether or not to submit to treatment. The
court ordered Appellant committed to Rusk State Hospital for a period not to exceed ninety days.


Sufficiency of the Evidence 

 In her first issue, Appellant asserts there is no evidence, or in the alternative, factually
insufficient evidence to support the order of commitment. She contends that Dr. Moin's testimony
was not confirmed. She asserts that because the State's expert based his opinion on improper
records, his opinion cannot be considered valid expert testimony. She further complains that no one
investigated the incident leading to her commitment and perhaps her actions were justified. She
contends the State failed to show a recent overt act or a continuing pattern of behavior tending to
confirm the likelihood of serious harm to Appellant or others, or of her distress and the deterioration
of her ability to function. Thus, she argues, the State failed to meet its evidentiary burden under the
statute.

 In reviewing no evidence points of error, the reviewing court must consider only the evidence
and inferences tending to support the trial court's finding, disregarding all contrary evidence and
inferences. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). If there is any
evidence of probative force to support the finding, the no evidence issue must be overruled and the
finding upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997). When the
evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, no more than a scintilla of evidence exists and, in legal effect, is no
evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). However, if the evidence
supplies some reasonable basis for differing conclusions by reasonable minds as to the existence of
a vital fact, some evidence or, in other words, more than a scintilla of evidence exists. Id.

 In addressing a factual sufficiency of the evidence challenge, this Court must consider and
weigh all of the evidence and set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). Where no findings of fact and conclusions of law were requested of or filed by the trial court,
all questions of fact are presumed and found in support of the judgment. Zac Smith & Co. v. Otis
Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987). In the absence of findings of fact and conclusions
of law, the judgment must be affirmed if it can be upheld on any legal theory that finds support in
the evidence. Seaman v. Seaman, 425 S.W.2d 339, 341 (Tex. 1968). 

 The trial judge may order a proposed patient to receive court-ordered temporary inpatient
mental health services if the judge or jury finds, from clear and convincing evidence, that the
proposed patient is mentally ill and, as a result of the mental illness he is likely to cause serious harm
to himself, is likely to cause serious harm to others, or is (i) suffering severe and abnormal mental,
emotional, or physical distress, (ii) experiencing substantial mental or physical deterioration of his 
ability to function independently, which is exhibited by his inability, except for reasons of indigence,
to provide for his basic needs, including food, clothing, health, or safety, and (iii) unable to make
a rational and informed decision as to whether or not to submit to treatment. Tex. Health &
Safety Code Ann. § 574.034(a) (Vernon Supp. 2002). To be clear and convincing under this
statute, the evidence must include expert testimony and, unless waived, evidence of a recent overt
act or a continuing pattern of behavior that tends to confirm either the likelihood of serious harm to
the proposed patient or others, or the proposed patient's distress and the deterioration of his ability
to function. Tex. Health & Safety Code Ann. § 574.034(d) (Vernon Supp. 2002). Clear and
convincing evidence means the measure or degree of proof which will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. 
State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).

 Appellant does not explain in what way the records on which Dr. Moin based his testimony
are improper. Those records were properly admitted as business records of Rusk State Hospital. 
Further, Dr. Moin also based his opinion of Appellant on his personal examination of her. We fail
to see how Dr. Moin's testimony is invalid.

 The State provided expert testimony explaining that Appellant is mentally ill and describing
a recent overt act by Appellant. She had gone to a restaurant to marry someone working there. She
became so angry and agitated that she had to be removed by police officers. The record also shows
she assaulted a hospital staff member. Dr. Moin explained that Appellant is grandiose, delusional,
easily angered, and suffers from mood swings. This expert testimony of an overt act, as well as
Appellant's mental state, tends to confirm the likelihood of serious harm to others, thus satisfying
the statutory requirement for clear and convincing evidence in support of the order for temporary
inpatient mental health services. See Tex. Health & Safety Code Ann. § 574.034(d). The
evidence is legally sufficient to support the trial court's order. See McLaughlin, 943 S.W.2d at 430. 
 In addressing Appellant's factual sufficiency complaint, we consider the remainder of the
evidence. Although the evidence shows Appellant can dress herself and feed herself without
assistance, this cannot negate the evidence that she poses a risk to the safety of others. Likewise, the
fact that she had committed no overt act or made any overt statement regarding harm to herself
during her stay at Rusk State Hospital does not diminish the evidence in the record showing she had
recently created a disturbance requiring the aid of police and been assaultive. Weighing all the
evidence, we cannot say that the trial court's finding that Appellant is likely to cause harm to others
and its decision to order Appellant to submit to inpatient mental health services are so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. See Cain, 709 S.W.2d
at 176. Thus, the evidence is factually sufficient to support the trial court's finding. We overrule
Appellant's first issue.


Constitutional Claims

 In her second and third issues, Appellant contends the trial court erred in rendering judgment
in violation of state and federal guarantees of due process. She asserts that certain terms found in
section 574.034 of the Health and Safety Code are overly broad, vague, and ambiguous so the statute
is susceptible to a variety of interpretations, making it violative of the due process clause of each
constitution. In her fourth and fifth issues, she asserts that application of section 574.034 results in
a violation of her right to equal protection under both the state and federal constitutions.

 Appellant did not complain to the trial court that her state and federal constitutional rights
to due process and equal protection were being violated. A constitutional claim must have been
asserted in the trial court to be raised on appeal. Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex.
1993). Therefore, Appellant has not preserved these complaints for review. We overrule
Appellant's issues two, three, four, and five.


Ineffective Assistance of Counsel

 In her sixth issue, Appellant contends she was denied effective assistance of counsel because
trial counsel failed to object to the constitutionality of the applicable statutes. She argues that this
resulted in her being subjected to unconstitutional statutes at trial and the loss of relief due to waiver
on appeal. 

 The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must show
that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is
a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984). Counsel is presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. The appellant has the burden of proving ineffective assistance of counsel
claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). Claims of ineffective assistance of counsel must be supported by the record. See
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. [Panel Op.] 1981). When the record
contains no evidence of the reasoning behind counsel's conduct, we cannot conclude counsel's
performance was deficient. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 The record is silent as to counsel's trial strategy. We have no evidence from counsel's
perspective concerning whether he considered challenging the constitutionality of section 574.034
and, if so, the reasons he decided not to. Therefore, we are unable to determine that the failure to
raise those issues in the trial court constitutes ineffective assistance of counsel. Jackson, 877
S.W.2d at 771. Appellant has failed to show that her counsel's performance fell below the objective
standard of reasonableness. Further, even if we agreed that trial counsel's performance was
deficient, Appellant has failed to make any showing that she was prejudiced as a result. Appellant
alludes to the fact that, had counsel made the objections, the trial court might have agreed with him. 
However, she presents no authority from which we can determine that counsel's constitutional
challenges, if raised, would have been sustained by the trial court. Appellant has failed to show that
there is a reasonable probability that the result of the proceeding would have been different but for
the alleged error made by counsel. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Appellant has
failed to meet her burden of proving ineffective assistance of counsel. Jackson, 973 S.W.2d at 956. 
Accordingly, we overrule Appellant's sixth issue.



Psychoactive Medication

 In her seventh issue, Appellant asserts the trial court erred in entering an order authorizing
administration of psychoactive medication. Her only argument is that such an order must be based
on a valid order for inpatient mental health care and, due to the reasons asserted in her issues one
through six, the trial court's order for inpatient mental health care is not valid. Having disagreed
with all of Appellant's assertions in her first six issues, we have determined that the trial court's
order for temporary mental commitment was valid. Therefore, we reject Appellant's argument that
the order authorizing administration of psychoactive medication is also invalid. See Tex. Health 
& Safety Code Ann. § 574.106(a) (Vernon Supp. 2002). We overrule Appellant's seventh issue.

 We affirm the trial court's order.

 Louis B. Gohmert, Jr.

 Chief Justice


Opinion delivered October 31, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.












(DO NOT PUBLISH)